# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                            **Case No. 18-CR-143**

**WAHEBA ISSA DAIS**
    **Defendant.**

## DECISION AND ORDER

Defendant Waheba Dais moves for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the sentencing guidelines. For the reasons that follow, the motion will be denied.

## I.

On April 22, 2019, defendant pleaded guilty to attempting to provide material support to a foreign terrorist organization, contrary to 18 U.S.C. § 2339B(a)(1). The pre-sentence report (PSR) calculated a base offense level of 26, U.S.S.G. § 2M5.3, added 12 levels under U.S.S.G. § 3A1.4, then subtracted 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final offense level of 35. (PSR ¶¶ 37-46.) Defendant had zero criminal history points, but because this was a crime of terrorism her criminal history category was VI. (PSR ¶¶ 50-52.) These calculations produced a guideline range of 292 to 365 months, which defaulted to 240 months given the statutory maximum of 20 years. (PSR ¶ 90.) On August 24, 2020, I adopted these calculations and, after considering the 18 U.S.C. § 3553(a) factors, imposed a sentence of 90 months. On February 12, 2024, defendant filed a motion for sentence reduction based on Part B of Amendment 821, applicable to certain "zero-point" offenders. (R. 53 at 1.)

**II.**

Under 18 U.S.C. § 3582(c)(2), the district court may reduce the prison term of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The statute establishes a two-step inquiry. The court first determines whether a sentence reduction is consistent with the applicable policy statements promulgated by the Sentencing Commission. If it is, then the court considers whether a reduction is warranted after weighing any applicable § 3553(a) factors. United States v. Koglin, 822 F.3d 984, 986 (7th Cir. 2016).

The relevant policy statement is U.S.S.G. § 1B1.10(d), which lists the amendments that apply retroactively and upon which a sentence reduction may be based. The statement provides that a reduction is not authorized if none of the amendments listed in subsection (d) is applicable to the defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range, U.S.S.G. § 1B1.10(a)(2)(B). The policy statement further provides that, outside the substantial assistance context, the court may not reduce the defendant's term of imprisonment to less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

Part B, Subpart 1 of Amendment 821 created a new provision, U.S.S.G. § 4C1.1 (2023), allowing for a 2-level reduction for certain "zero-point" offenders. This Part of Amendment 821 applies retroactively. U.S.S.G. § 1B1.10(d). While defendant has zero criminal history points, she is ineligible for a reduction under this provision because she received an adjustment under U.S.S.G. § 3A1.4 (Terrorism). See U.S.S.G. § 4C1.1(a)(2). Even if she could receive a 2-level reduction under § 4C1.1, her 90-month sentence is already well below the amended range and could not be made lower. See U.S.S.G. § 1B1.10(b)(2)(A).

Because defendant is ineligible for a reduction, it is unnecessary to consider the issues raised in her cover letter (R. 53-1), e.g., post-sentencing rehabilitation and family circumstances. See Koglin, 822 F.3d at 986-87 ("If the range would not have been lower, then the defendant is ineligible for a sentence reduction and the inquiry ends.").

Defendant also requests appointment of counsel to represent her on this motion. (R. 53 at 1.) "District judges have discretion to recruit and sometimes appoint counsel for prisoners seeking post-judgment benefits, but prisoners do not have a constitutional or statutory entitlement to appointed counsel." United States v. Blake, 986 F.3d 756, 758 (7th Cir. 2021) (internal citation omitted). Defendant's form motion provides no individualized basis for recruitment of counsel here. As discussed above, her motion also lacks merit.

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 53) is denied.

Dated at Milwaukee, Wisconsin, this 16th day of February, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br>Waheba Issa Dais | )<br>)<br>)<br>) Case No: 18-CR-143<br>) USM No: 16688-089<br>) |
| Date of Original Judgment: 08/26/2020<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 02/16/2024                    /s/ Lynn Adelman
                                          *Judge's signature*

Effective Date: _____            Lynn Adelman, District Judge
*(if different from order date)*          *Printed name and title*